UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS and TINA ROMEO,

        Plaintiffs,                          Civil Action No.
                                                  10-CV-10869

vs.

TOWNSHIP OF PLYMOUTH, R. DEVORE,       PAUL D. BORMAN
J. HAYES, T. TIGERINGTON, EMS RAMSAY,   UNITED STATES DISTRICT JUDGE
EMS HARRELL, JOHN DOE, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4, JANE DOE,
JANE DOE 2,

        Defendants.
_____/

**ORDER**
**(1) DISMISSING ALL CLAIMS AGAINST DEFENDANT PLYMOUTH TOWNSHIP,**
**(2) DISMISSING FRANCIS ROMEO AS A PARTY PLAINTIFF,**
**(3) CANCELLING JUNE 30, 2010, HEARING, and (4) REQUIRING PLAINTIFF TINA**
**ROMEO TO FILE AN AMENDED COMPLAINT**

        This is a *pro se* civil rights case under 42 U.S.C. § 1983 with pendant state law claims for invasion of privacy and intentional infliction of emotional distress. Plaintiffs are Tina Romeo, an 83 year old resident of Plymouth Township, Michigan, and her son, Francis Romeo. Defendants are Plymouth Township police officers and EMS officials. Plaintiff Tina Romeo alleges that her constitutional rights were violated, while on a walk near her home, when she was stopped "for no good reason" by one of the defendant police officers, forced to return home "against her will," and subjected to an authorized and unwanted physical examination by paramedics. Compl. ¶¶ 19, 22, 25-26. Plaintiff also alleges that she discovered property missing from her home the day after this incident. *Id.* ¶ 42.

1

On March 9, 2010, Defendant Plymouth Township filed a Motion for Partial Summary Judgment and Motion to Dismiss, in which it asserts the following arguments: (1) Co-plaintiff Francis Romeo's claims must be summarily dismissed because his claims were previously settled and released in state court; (2) Francis Romeo must be dismissed as a party plaintiff because he lacks standing to assert claims on behalf of his mother, co-plaintiff Tina Romeo; (3) the Complaint violates Fed. R. Civ. P. 11 because it was signed only by Francis Romeo, who did not witness some of the events described therein; (4) the claims brought by Tina Romeo should be dismissed unless she promptly signs the Complaint or retains an attorney; (5) Count I of the Complaint fails to state a 42 U.S.C. § 1983 municipal liability claim against Plymouth Township upon which relief can be granted; (6) Count II of the Complaint fails to state an equal protection claim against Plymouth Township upon which relief can be granted; (7) Count III fails to state an invasion of privacy claim against Plymouth Township upon which relief can be granted; and (8) Count IV fails to state an intentional infliction of emotional distress claim against Plymouth Township upon which relief can be granted.

On March 10, 2010, the Court issued a briefing schedule requiring that Plaintiffs file their response brief by April 9, 2010, and that Defendant Plymouth Township file a reply brief by April 23, 2010. This matter is currently set for a hearing on June 30, 2010.

Plaintiffs have neither filed a response brief nor have sought an extension of time to do so. Accordingly, on April 23, 2010, the Court issued an order requiring Plaintiffs to file a paper explaining why the Court should not (1) dismiss all claims against Plymouth Township and (2) dismiss Francis Romeo as a party plaintiff. *See* docket entry 5. In the same order, the Court warned that "[s]hould Plaintiffs fail to comply with this order, the Court will cancel the upcoming hearing

and grant the relief requested by Plymouth Township." *Id*.

Plaintiffs have not responded to the Court's inquiry and the time to do so has expired. Therefore, the Court will grant the relief requested by Defendant Plymouth Township. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (holding that dismissal is appropriate when a party fails to comply with readily comprehensible filing deadlines of which the party is well aware). Accordingly,

IT IS ORDERED that Plaintiffs' 42 U.S.C. § 1983 municipal liability claim against Plymouth Township is dismissed.

IT IS FURTHER ORDERED that Plaintiffs' equal protection claim against Plymouth Township is dismissed.

IT IS FURTHER ORDERED that Plaintiffs' invasion of privacy claim against Plymouth Township is dismissed.

IT IS FURTHER ORDERED that Plaintiffs' intentional infliction of emotional distress claim against Plymouth Township is dismissed.

IT IS FURTHER ORDERED that Francis Romeo is dismissed as a party plaintiff. The Clerk of Court shall adjust the case caption accordingly.

IT IS FURTHER ORDERED that the hearing currently scheduled for June 30, 2010, is cancelled.

IT IS FURTHER ORDERED that Plaintiff Tina Romeo's claims against the remaining defendants shall proceed; however, because the Complaint in this matter is signed by Francis Romeo, an individual who is no longer a party plaintiff in this lawsuit, Plaintiff Tina Romeo shall file an amended complaint that is either signed by her or by an attorney retained on her behalf. The

amended complaint shall be filed within 30 days of today's date. Should Plaintiff Tina Romeo fail to file an amended complaint pursuant to this order, the Court will dismiss this case in its entirety.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 19, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 19, 2010.

S/Denise Goodine
Case Manager